TRULINCS 36586069 - NEGRON-CRUZ, ALEXIS D - Unit: GUA-A-C

-----------------------------------------------------------------------------------

FROM: 36586069
TO: Warden/Alcaide
SUBJECT: ***Request to Staff*** NEGRON-CRUZ, ALEXIS, Reg# 36586069, GUA-A-C
DATE: 09/07/2025 08:08:16 AM

To: Mis. Rivera (Warden)
Inmate Work Assignment: n/a

Por este medio me dirijo a Mis. Rivera (Warden) para informar lo siguiente.

1- Hace dos semanas recibi el recibo del correo certificado que en vie al Director Regional del BP10 (Apelcion del Remdedio Administrativo) el cual indica que fue recibido el 18 de agosto de 2025 y firmado por Ashla (USPS Tracking 7020-1290-0000-6924-0547, o 9590-9402-8826-4005-1771-05).

2- Hoy 7 de septiembre de 2025 se cumplen 20 dias y todavia no he recibido del director de la region el comunicado electronico que siempre mandan una semana despues de recibir la Apelacion indicando el dia en que lo recibieron y la fecha en que sera contestado.

3- No me extra~a que la administracion de MDC Guaynabo aproposito y mal intencionado retenga los comunicados del Director de la Region para que asi pase el tiempo estipulado y se pierda la oportunidad de Apelar a la Oficina Central.

4- Lo mismo sucedio con Michel Jonas Da Silva al cual le entregaban las notificaciones electronicas un mes despues de la contestacion del Director Regional haciendole perder la apelacion para la Oficina Central, entre otras cosas. Tanto fue las dificultades que confronto, que tuve que ayudarle hacer una mocion en espa~ol a la corte ya que su idioma es Portugues. Case: 23-335 (FAB) Documento #83.

5- En el Caso de John H. Ramirez V. Bryan Collier Supreme Court No. 21-5592 March 24, 2022 Dice: "Where an administrative procces does not facilitate addressing... Claims withing the time frame of a schelude... its is likely not an "avaliable" remedy that must be exhausted under PLRA". "Availability is a practical determination that requires considering both whether the administrative system is accessible as designed and whether prison ADMINISTRATORS and OFFICERS ensure meaningful acces to it in practice".

6- Lamentablemete la administracion de MDC Guaynabo le dificulta a los presos todos los procesos y remdios administrativos para que no se puedan completar. Me paso en el 2019 con la traduccion que nunca hicieron, mas se quedaron con todos los papeles del BP9 y Mis. Valle (Case Manager) nunca me los devolvio. Por eso tuve que ir a la Corte directamente.

7- Esto es todo.

Gracias.

**JOHN H. RAMIREZ, PETITIONER v. BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.**
**SUPREME COURT OF THE UNITED STATES**
595 U.S. 411; 142 S. Ct. 1264; 212 L. Ed. 2d 262; 2022 U.S. LEXIS 1670; 29 Fla. L. Weekly Fed. S 159
No. 21-5592.
March 24, 2022, Decided
November 9, 2021, Argued

**Notice:**

The pagination of this document is subject to change pending release of the final published version.

**Editorial Information: Prior History**

{2022 U.S. LEXIS 1}ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUITRamirez v. Collier, 10 F.4th 561, 2021 U.S. App. LEXIS 26801, 2021 WL 4047106 (5th Cir. Tex., Sept. 6, 2021)

**Disposition:**
10 F. 4th 561, reversed and remanded.

**Counsel**        Seth Kretzer argued the cause for petitioner.
        Eric J. Feigin argued the cause for United States, as amicus curiae.
        Judd E. Stone, II argued the cause for respondents.

**Judges:** Roberts, C. J., delivered the opinion of the Court, in which Breyer, Alito, Sotomayor, Kagan, Gorsuch, Kavanaugh, and Barrett, JJ., joined. Sotomayor, J., and Kavanaugh, J., filed concurring opinions. Thomas, J., filed a dissenting opinion.

**CASE SUMMARY** Texas inmate who sought a preliminary injunction allowing his pastor to touch him and pray with him during his execution was likely to succeed on his RLUIPA claim. Texas officials had not shown that a ban on audible prayer and religious touch was the least restrictive means of furthering governmental interests.

**OVERVIEW:** HOLDINGS: [1]-A Texas inmate who sought a preliminary injunction allowing his pastor to touch him and pray with him during his execution was likely to succeed on his Religious Land Use and Institutionalized Persons Act of 2000 claim. Texas officials had not shown that a ban on audible prayer and religious touch in the execution chamber was the least restrictive means of furthering governmental interests in monitoring the inmate's condition, preventing disruptions in the execution chamber, and preventing accidental interference with intravenous lines; [2]-The balance of equities and the public interest favored the inmate's requested relief, which was a tailored injunction rather than a stay of execution.

**OUTCOME:** Judgment reversed and case remanded. 8-1 decision; 2 concurrences; 1 dissent.

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Concur by:**     SOTOMAYOR; KAVANAUGH

Justice Sotomayor, concurring.

The opinion of the Court, which I join in full, explains why clear rules governing the presence of spiritual advisors at executions are necessary to ensure that any disputes are resolved in a timely fashion before a scheduled execution date. I write separately to underscore the interaction between prison officials' obligations to set such rules and the exhaustion requirement of the Prison Litigation Reform Act (**PLRA**).

Under the **PLRA**, prison officials{2022 U.S. LEXIS 43} and incarcerated individuals share an obligation to act in good faith in resolving disputes: Incarcerated individuals must timely raise their claims through the prison grievance system, and prison officials must ensure that the system is a functioning one. To that end, the **PLRA** requires incarcerated individuals to exhaust the prison's administrative grievance process before turning to the courts only where that process is actually ``available.'' 42 U. S. C. §1997e(a). An administrative process is not available if it is not ```capable of use' to obtain 'some relief for the action complained of.''' *Ross* v. *Blake*, 578 U. S. 632, 642, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016). Availability is a practical determination that requires considering both whether the administrative system is accessible as designed and whether prison administrators and officers ensure meaningful access to it in practice. See *id.*, at 643-644, 136 S. Ct. 1850, 195 L. Ed. 2d 117.

A scheduled execution date may impose unique time constraints on grievance procedures, but it does not alter either party's responsibilities under {212 L. Ed. 2d 284} the **PLRA**. Just as incarcerated individuals still bear the burden of timely raising execution-related claims, prisons still must ensure that administrative {595 U.S. 438} remedies are available, which may require modifying procedures to account for the time constraints{2022 U.S. LEXIS 44} of a scheduled execution as the Court describes, *ante,* at 21. Where an administrative process does not facilitate addressing execution-related claims within the timeframe of a scheduled execution, it is likely not an ``available'' remedy that must be exhausted under the **PLRA**.

SCTHOT                                                              1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.